UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

98 DEC 11 AM 9: 10

C........ ......KE
CLERK U.. ..T. CT.
S.D. OF ... MIAMI

KIM D. LEE,                          MIAMI DIVISION
f/k/a KIM D. WHITE,

            Plaintiff,               CASE NO.:98-2814-CIV-DAVIS

V.

LUIS FERRARO, Individually and            AMENDED
in his official capacity as a City   COMPLAINT FOR DAMAGES
of Miami Police Officer, and
the CITY OF MIAMI, FLORIDA, a
municipal corporation,

            Defendants.
_____/

        THE PLAINTIFF, KIM D. LEE f/k/a KIM D. WHITE, sues the Defendants, LUIS

FERRARO, individually, and the CITY OF MIAMI, FLORIDA, a municipal corporation

and political subdivision of the State of Florida, and in support thereof would allege

as follows:

        1.  This is an action for damages far in excess of $50,000.00 which meets or

exceeds the jurisdictional requirements of this Court.  This Court has jurisdiction over

this matter pursuant to 42 U.S.C. §1983.

        2.  The Plaintiff, KIM D. LEE f/k/a KIM D. WHITE, is in excess of 18 years of

age and currently a resident of Philadelphia, Pennsylvania.  She shall be referred to

hereafter as "KIM WHITE."

        3.  The Defendant, LUIS FERRARO, is in excess of 18 years of age and at all

times material hereto was acting under color of state law in his capacity as a City of

Miami Police Officer.  He is sued individually, and shall be referred to hereafter as "FERRARO."

4.  The Defendant CITY OF MIAMI is a municipal corporation which is a political subdivision of the State of Florida.  At all times material hereto, it operated the City of Miami Police Department which employed FERRARO.  This Defendant shall be referred to hereinafter as "MIAMI" or "CITY."

5.  This litigation concerns several acts or omissions which combined to deprive KIM WHITE of her constitutionally protected civil rights.  All the acts or omissions identified here occurred in Dade County, Florida, which is now known as Miami-Dade County, Florida.

## II

## FACTUAL CIRCUMSTANCES

The Plaintiff, KIM WHITE, readopts and realleges all prior preceding paragraphs and further alleges:

6.  On or about July 9, 1997, the Plaintiff, KIM WHITE, was operating her automobile in the northbound lane of traffic on Biscayne Boulevard at or near its intersection with Northeast 10th Street.

7.  On that date and at that location, the Plaintiff, KIM WHITE, was stopped for a purported traffic violation by the Defendant FERRARO.  It appears that immediately prior to being stopped by FERRARO, WHITE was confronted by a vehicle stopped in her lane of travel for no apparent reason.  She honked her horn in a

2

reasonable and necessary manner and the motorist in her lane of travel began to drive.  Immediately thereafter, the stop involving FERRARO occurred.

8.  Immediately upon stopping, the Defendant, FERRARO, began to hurl racial epithets at the Plaintiff and used profane language throughout his conversation with her.  FERRARO, screaming expletives, requested the Plaintiff's driver's license. Plaintiff proceeded to provide her license and inquired as to why she was being stopped.  Defendant FERRARO responded to Plaintiff in a rude and unprofessional fashion.

9. FERRARO became enraged and uncontrollable at this point.  FERRARO pulled the Plaintiff from the automobile and pushed her against the side of her vehicle.  He handcuffed the Plaintiff and committed a battery upon her person.  The Plaintiff was arrested and falsely charged by the Defendant FERRARO with the felony crimes of battery on a police officer and resisting arrest with violence, and for the misdemeanor offenses of having no valid driver's license and failure to obey a police officer.

10. As a result of the actions of FERRARO, the Plaintiff, KIM WHITE, was prosecuted by the Dade County State Attorney's Office on felony and misdemeanor charges.  As a result of this prosecution, the Plaintiff was compelled to retain an attorney and incur significant attorney's fees.  After certain discovery, the State Attorney's Office declined to continue the prosecution of the matter further, given the prior history and Internal Affairs file of Officer Ferraro.

## COUNT I

**VIOLATION OF 42 U.S.C. §1983 (CIVIL RIGHTS VIOLATION AGAINST THE DEFENDANT LUIS FERRARO, INDIVIDUALLY)**

The Plaintiff readopts and realleges all prior preceding paragraphs and further alleges:

11.   That at all times described in the above incorporated paragraphs, the Defendant, LUIS FERRARO, was acting under color of state law and in his official capacity as a City of Miami police officer.

12.   On or about July 9, 1997, the Defendant FERRARO undertook to commit the following acts or omissions, any of which standing alone would act to deprive the Plaintiff, KIM WHITE, of her constitutionally protected civil rights:

A.   Stopped and detained the Plaintiff, KIM WHITE, without probable cause.

B.   In the course of conducting a routine traffic stop, intimidated, harassed, swore at, and hurled racial epithets at the Plaintiff KIM WHITE.

C.   In the course of a routine traffic stop, committed a battery upon the person of the Plaintiff, KIM WHITE.

D.   During the course of a routine traffic stop, and without probable cause, detained the Plaintiff, KIM WHITE, and placed her under arrest upon fraudulent charges of violations of criminal statutes.

E.   Perpetrated and carried out a plan to deprive KIM WHITE of her

4

constitutionally protected rights.

F. Caused KIM WHITE to be prosecuted on criminal charges which she did not commit.

G. Committed an assault upon the Plaintiff, KIM WHITE, by screaming at her, threatening to perpetrate immediate physical harm upon her person, threatening to have her jailed and, in fact, had her jailed, degrading the Plaintiff, and in otherwise intentionally inflicting emotional harm upon the Plaintiff, KIM WHITE.

H. Filed fraudulent charges of criminal activity against KIM WHITE.

13. All the acts of LUIS FERRARO as indicated in paragraph 12 and subparts above were perpetrated with malice aforethought, intent, and with wilful and wanton disregard for the civil rights of KIM WHITE.

14. As a direct and proximate results of the acts or omissions of     LUIS FERRARO as described in this count, the Plaintiff, KIM WHITE, was deprived of the following constitutionally guaranteed rights and privileges as provided for and protected by 42 U.S.C. §1983, and the Constitution of the United States of America:

a. The right and privilege not to be deprived of life, liberty, or security in her person without due process of law and equal protection of the law;

b.  The right and privilege to be free from unlawful attack upon the physical integrity of the Plaintiff's person by City of Miami Police officers;

c.  The right and privilege to be secure in her person while in the custody of City of Miami Police officers;

d.  The right and privilege not to be subject to punishment without due process of law;

e.  The right and privilege to be immune from and not subject to unreasonable search and seizure by City of Miami police officers;

f.  The right and privilege to be immune and free from illegal assaults and batteries by a person acting under the authority or color of state law i.e. City of Miami police officers;

g.  The right to be free from physical abuse, coercion, and intimidation perpetrated by City of Miami police officers;

h.  The right to be free from prosecution on false, invented and/or fraudulent charges which have no basis in law or fact, said charges being brought by City of Miami Police officers;

i.  The right to be free from assault, battery, and malicious prosecution carried on by City of Miami police officers who, by virtue of their past actions, should have long before been dismissed from the City of Miami Police Department and not placed in a position where they had access to continue a reign of terror upon the public.

15.  As a direct and proximate result of the acts or omissions of OFFICER FERRARO, which caused deprivation of the Plaintiff's constitutionally protected rights, Plaintiff, KIM WHITE, suffered damages including but not limited to:  assault; battery; deprivation of liberty; intentional infliction of emotional distress; loss of

6

capacity for the enjoyment of life; medical and nursing care and treatment and psychological care and treatment; attorney's fees; attorney's fees in a criminal prosecution; pain, suffering, mental anguish, all intangible damages caused by the malicious prosecution instigated by FERRARO; all compensable damages available pursuant to existing Florida of federal law and provided for by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, KIM WHITE, demands judgment for damages against the Defendant LUIS FERRARO as follows:

a.  For compensatory damages occasioned by the deprivation of civil rights described here;

b.  For punitive damages to be assessed against FERRARO pursuant to the provisions of  42 U.S.C. §1983;

c.  For all attorney's fees incurred in the prosecution of this case;

d.  For all costs incurred in the prosecution of this case;

e.  For any further relief the Court deems just and appropriate.

## COUNT II

### SECTION 1983 VIOLATION AGAINST THE CITY OF MIAMI

The Plaintiff, KIM WHITE, readopts and realleges paragraphs 1 through 10 above and further alleges:

16.  That at all times described in the above incorporated paragraphs 1-10, the Defendant, LUIS FERRARO, was acting under color of state law and in his official capacity as a City of Miami police officer.

7

17.  On or about July 9, 1997, the Defendant FERRARO undertook to commit the following acts or omissions, any of which standing alone would act to deprive the Plaintiff, KIM WHITE, of her constitutionally protected civil rights:

A.  Stopped and detained the Plaintiff, KIM WHITE, without probable cause.

B.  In the course of conducting a routine traffic stop, intimidated, harassed, swore at, and hurled racial epithets at the Plaintiff KIM WHITE.

C.  In the course of a routine traffic stop, committed a battery upon the person of the Plaintiff, KIM WHITE.

D.  During the course of a routine traffic stop, and without probable cause, detained the Plaintiff, KIM WHITE, and placed her under arrest upon fraudulent charges of violations of criminal statutes.

E.  Perpetrated and carried out a plan to deprive KIM WHITE of her constitutionally protected rights.

F.  Caused KIM WHITE to be prosecuted on criminal charges which she did not commit.

G.  Committed an assault upon the Plaintiff, KIM WHITE, by screaming at her, threatening to perpetrate immediate physical harm upon her person, threatening to have her jailed and, in fact, had her jailed, degrading the Plaintiff, and in otherwise intentionally inflicting emotional harm upon the Plaintiff, KIM WHITE.

H.  Filed fraudulent charges of criminal activity against KIM WHITE.

8

18. All the acts of LUIS FERRARO as indicated in paragraph 17 and subparts above were perpetrated with malice aforethought, intent, and with wilful and wanton disregard for the civil rights of KIM WHITE.

19. At all times material hereto, the Defendant, CITY OF MIAMI, maintained ongoing policies, practices, or customs which directly and proximately resulted in the aforesaid deprivation of the civil rights of KIM WHITE by the Defendant CITY OF MIAMI and/or its employee, Defendant OFFICER LUIS FERRARO.

20. The above-mentioned policies, customs and practices of the Defendant CITY OF MIAMI included, but are not limited to the following acts or omissions:

a. Adopted a policy, practice, and custom permitting police officers to remain employed by the City who time and time again had been charged with actions resulting in the deprivation of law-abiding citizens' constitutionally protected rights;

b. Developed a policy, custom, and practice of failing to investigate Internal Affair complaints against police officers and failing to take appropriate actions against repeat offending officers such as dismissal;

c. Failed to remove from active duty and/or contact with the public police officers who exhibited a pattern and practice of preying upon citizens to deprive them of their constitutionally protected rights;

d. Developed a custom and practice of failing to somehow control, if not terminate, renegade police officers preying upon citizens and depriving them of their constitutionally protected rights;

e. Adopted a plan, custom, and policy of covering up repeat offender police officers who had exhibited an inordinate amount of complaints for civil rights violation type actions;

f. Adopted a plan and policy to cover up instances of deprivation of civil rights committed by City of Miami police officers;

g. Failed to adopt any sort of policy or procedure that would protect citizens from police officers with whom it has been demonstrated, by sheer number of complaints, that these police officers exhibited a propensity to deprive citizens of constitutionally protected rights;

h. Developed a policy, custom, or practice of permitting police officers to file false and/or phony charges against citizens who are guilty of nothing, and whose civil rights were being deprived by a significant group of renegade police officers.

21. As a direct and proximate result of the customs and practices of the CITY OF MIAMI described above and the acts and omissions of OFFICER LUIS FERRARO described above, the CITY OF MIAMI deprived the Plaintiff KIM WHITE of her constitutionally protected rights and privileges as provided for, protected by and guaranteed by the Constitution of the United States of America and 42 U.S.C. §1983, said rights being described as follows:

a. The right not to be assaulted and battered by City of Miami police officers;

10

b.  The right to equal protection under the law;

c.  The right to be free from unlawful search and seizure;

d.  The right to be free from malicious prosecution by CITY OF MIAMI officers or officials;

e.  The right to move about the public highways and streets of the City of Miami without coming under verbal and physical attack by City of Miami police officers who should long ago have been dismissed from duty;

f.  The right to be free from verbal intimidation and racial threats hurled by City of Miami police officers;

g.   The constitutionally protected right to be free from false imprisonment by City of Miami police officers;

h.   The constitutional right to be free from malicious prosecution perpetrated by City of Miami police officers;

i.  The right and privilege not to be deprived of life, liberty, or security in her person without due process of law;

j.   The right and privilege to be free from unlawful attack upon the physical integrity of the Plaintiff's person by City of Miami Police officers;

k.   The right and privilege to be secure in her person while in the custody of City of Miami Police officers;

l.  The right and privilege not to be subject to punishment without due process of law;

11

m.   The right and privilege to be immune from and not subject to unreasonable search and seizure by City of Miami police officers;

n.  The right and privilege to be immune and free from illegal assaults and batteries by a person acting under the authority or color of state law i.e. City of Miami police officers;

o.  The right to be free from physical abuse, coercion, and intimidation perpetrated by City of Miami police officers;

p.   The right to be free from prosecution on false, invented and/or fraudulent charges which have no basis in law or fact, said charges being brought by City of Miami Police officers;

q.  The right to be free from assault, battery, and malicious prosecution carried on by City of Miami police officers who, by virtue of their past actions, should have long before been dismissed from the City of Miami Police Department and not placed in a position where they had access to continue a reign of terror upon the public.

22.  As a direct and proximate result of the deprivation by the CITY OF MIAMI of the aforesaid rights protected by the United States Constitution and by 42 U.S.C. §1983, the Plaintiff, KIM WHITE, has sustained the following injuries and damages all compensable pursuant to Florida law and the specific terms of 42 U.S.C. §1983:

a.  Pain and suffering;

b.  Assault and battery;

    c.  Malicious prosecution;

    d.  False imprisonment;

    e.  Deprivation of liberty;

    f.  Mental anguish;

    g.  Intentional infliction of emotional distress;

    h.  Loss of capacity for the enjoyment of life;

    i.  The expense of medical and psychological care and treatment;

    j.  Humiliation;

    k.  Attorney's fees, both in the instant litigation and to defend herself from the malicious prosecution;

    l.  All intangible damages caused by the malicious prosecution instituted by FERRARO;

    m.  All compensable damages available pursuant to existing Florida law and federal law including 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, KIM WHITE, demands judgment for damages against the CITY OF MIAMI as follows:

    a.  For compensatory damages occassioned by the deprivation of civil rights described here;

    b.  For all attorney's fees incurred in the prosecution of this case;

    c.  For all costs incurred in the prosecution of this case;

    d.  For any further relief the Court deems just and appropriate;

e.  For interest subsequent to judgment.

## COUNT III

## ASSAULT AND BATTERY

The Plaintiff, KIM WHITE, readopts and realleges paragraphs 1 through 10 and further alleges as follows:

23.  On July 9, 1997, the Plaintiff, KIM WHITE, was subjected to what was purportedly a routine traffic stop by the Defendant FERRARO.

24.  At that time, without cause or provocation, and without legal right or justification, FERRARO uttered the following threats to WHITE:

a.  "If you were a man, I'd fuck you up right here";

b.  "I am going to kick your black ass";

c.  "I'm the god damn boss here."

25.  The threats of violence described above were carried out by FERRARO, a large male armed with numerous weapons, against an unarmed female, KIM WHITE. As such, FERRARO had the present ability to carry out the threats or, alternatively, it was reasonable for WHITE to assume that FERRARO had the present ability to carry forth his threats.

26.  The threats by FERRARO were made without provocation or legal justification, and placed Plaintiff in fear of imminent bodily harm.

27.  During the same traffic stop, FERRARO committed unlawful, unwanted, unconstitutional,  and unprovoked touching or battering of the Plaintiff's person, in

14

that FERRARO, without the consent of the Plaintiff:

     a. Physically pulled the Plaintiff from her automobile;

     b. Pushed the Plaintiff frontally;

     c. Pushed the Plaintiff face down against the Plaintiff's automobile;

     d. Pulled the Plaintiff's arms behind her back;

     e. Placed handcuffs on the Plaintiff's wrists in a fashion designed to do bodily harm to the Plaintiff;

     f. Pushed the Plaintiff laterally against a police cruiser.

28. The assault and the battery committed by FERRARO were without legal cause or justification and were not part or parcel of a lawful arrest.

29. The battery and physical and verbal assault committed by FERRARO were not consented to by the Plaintiff.

30. The assault and battery were not incidental to a lawful arrest.

31. As a direct and proximate result of the assault and battery perpetrated by FERRARO the Plaintiff suffered the following injuries or damages, all compensable pursuant to Florida and federal law:  Pain and suffering; humiliation; mental distress; emotional distress; loss of capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, KIM WHITE, demands judgment for damages against the Defendant FERRARO as follows:

     a. For compensatory damages;

     b. For punitive damages;

    c. For all costs incurred in the prosecution of this cause;

    d. For attorney's fees;

    e. For any further relief the court deems just and appropriate.

<strong><u>DEMAND FOR TRIAL BY JURY</u></strong>

THE PLAINTIFF, KIM WHITE, demands trial by jury with respect to all issues, counts, claims, controversies, or damages triable as a matter of right before a jury pursuant to state or federal law.

DATED this _10th_ day of December, 1998.

Respectfully submitted:

ROBERT J. BRYAN, ESQ.  
Counsel for Plaintiff  
815 N.W. 57th Avenue, Suite 201  
Miami, Florida 33126  
(305) 264-8799

LANCE R. STELZER, P.A.  
Co-Counsel for Plaintiff  
1411 N.W. North River Drive  
Miami, Florida 33125  
(305) 545-8888

By:_____  
    Robert J. Bryan, Esq.

By:_____  
    Lance R. Stelzer, Esq.